## ACTION FOR DAMAGES FOR THE BRINGING OF A SUIT IN MANDAMUS.

Circuit Court of Cuyahoga County.

CHARLES BRENNER v. F. V. FAULHABER ET AL.

Decided, January 22, 1912.

*Mandamus—Judgment Conclusive as to What—Malicious Prosecution of Writ.*

1. A judgment awarding a writ of mandamus is conclusive, in collateral proceedings, as to the truth of the facts stated in the application therefor and of the authority of the attorneys representing the applicants for such writ.
2. An action will not lie for maliciously and without probable cause suing out a writ of mandamus, so long as judgment awarding the writ stands unreversed.

*Geo. A. Grool* and *H. Preusser,* for plaintiff in error.
*M. P. Mooney,* contra.

WINCH, J.; MARVIN, J., and NIMAN, J., concur.

This was an action brought by Brenner, who was a justice of the peace, to recover damages from the defendants growing out of their causing ninety-seven proceedings in mandamus to be brought against him, to require him, as such justice, to accept appeal bonds in ninety-seven cases brought before him in which he had rendered judgments in favor of one S. A. Grossner.

Objection by the defendants to the introduction of any evidence under the petition was sustained by the trial court, and the question for review here is whether or not the petition shows a cause of action.

It sets forth that judgment in all the mandamus cases was against the plaintiff and, so far as appears, said judgments are still in force and unreversed.

The plaintiff says that the defendants were not the plaintiffs in said mandamus proceedings, and were not authorized to represent the plaintiffs therein, but "maliciously conspiring to injure plaintiff in his good name and reputation and for the purpose of

causing it to be believed that plaintiff was guilty of malfeasance in his said office as justice of the peace, intending to harass and oppress the plaintiff, falsely and maliciously and without probable cause therefor, caused'' said mandamus proceedings to be brought, ''using the names of others as plaintiffs therein.''

The petition then sets forth the allegations of the applications in mandamus and says that the statements therein contained were false in fact; that one of the defendants, as attorney for the respective plaintiffs, swore to the truth of the allegations in the applications.

It is further alleged that upon these applications in mandamus the defendants induced the common pleas court to issue peremptory writs of mandamus against the plaintiff, without notice to him, and that he was never served with any notice or process to appear or return and answer said writs. Judgment for costs was also rendered in each of said cases against the plaintiff.

So long as the judgments in the mandamus case stand unreversed, there appears to exist no cause of action against the defendants.

The judgments in said actions are conclusive as to the truth of the facts stated in the applications therefor. They are conclusive as to the authority of the defendants to represent the plaintiffs therein.

The question of service in said proceedings upon the plaintiff is not open to question in this collateral proceeding, and, in any event, the court had a right to grant a peremptory writ without notice. General Code, Section 12288.

It does not appear that judgment for costs in said cases was rendered without notice to plaintiff, nor do we find any allegation that defendants in any way prevented plaintiff from having a review of said judgments.

The petition herein does not warrant recovery for the malicious prosecution of a civil action, for there was not any arrest of the person or seizure of property, nor did the proceedings terminate favorably to the plaintiff.

The case of *Pope* v. *Pollock*, 46 O. S., 367, has been cited as sustaining plaintiff's petition. It holds that an action may be

maintained for maliciously, and without probable cause instituting and prosecuting an action in forcible entry and detainer. The extraordinary character of that action is set forth, and the decision seems to be bottomed upon the proposition that one action in forcible entry and detainer is not a bar to subsequent actions. It further appears in the case that the plaintiff had prevailed in the forcible entry and detainer case. Here he lost out in the mandamus proceedings.

The provisions of Section 12848, providing that any attorney or counselor at law, who encourages, incites, or stirs up a suit, quarrel or controversy between two or more persons with intent to injure any of such persons, shall be fined not more than $500, is for the protection of society, but it does not lessen the elements required by the law to be established in making out a case for the malicious prosecution of a civil action, nor does it make any difference that the same attorneys brought ninety-seven suits against the plaintiff, each for different persons, in all of which it appears that plaintiff was justly ordered to do a duty enjoined upon him by statute.

Judgment affirmed.